UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JASON COLBY COX**<br>**#14053-035** | **CIVIL ACTION NO. 2:11-cv-1639** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **CODY WILLIAMS, ET AL** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed *in forma pauperis* by plaintiff on September 6, 2011. Doc. 1. At the time plaintiff filed this complaint, he was an inmate in the custody of the Federal Bureau of Prisons (BOP) and was housed at the Federal Correctional Institute, Oakdale (FCIO), Louisiana. However, on December 14, 2011, plaintiff filed a notice of change of address. Doc. 12.

On June 13, 2012, this court issued a memorandum order [doc. 13] instructing plaintiff to amend his complaint. Plaintiff filed two motions for extension of time [docs. 14 and 16] to comply with the court's memorandum order. The last extension granted by the court [doc. 17] warned plaintiff that it would be his final extension and gave plaintiff until October 31, 2012, to comply with the court's order. To date, plaintiff has failed to comply with the order.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is

necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 1388.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 30th day of January, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE